**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE THE HONORABLE JENNIFER CHOE-GROVES, JUDGE**

|  |  |  |
|---|---|---|
| MAUI AND HECTOR'S DOLPHIN DEFENDERS NZ INC., | ) ) ) | |
| Plaintiff, | ) ) ) ) | Court No. 26-02462 |
| v. | ) ) | |
| NATIONAL MARINE FISHERIES SERVICE, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

**ANSWER OF PROPOSED DEFENDANT-INTERVENOR,
THE NEW ZEALAND GOVERNMENT**

The proposed Defendant-Intervenor, the New Zealand Government ("NZG"), hereby answers the Complaint filed by the Plaintiff, as required by Rule 24(c)(1) of the Rules of this Court.[1] The answers provided below in the numbered paragraphs correspond to the numbered paragraphs in the March 24, 2026, Complaint. ECF No. 4.

1.    Denies.

2.    Refers to the MMPA as the best evidence of its contents. Otherwise denies.

3.    Refers to the decisions of the Court of International Trade as the best evidence of their contents. Otherwise denies.

4.    Admits that Plaintiff challenges the March 11, 2026, Comparability Finding. Otherwise denies.

---

[1] By seeking intervention under Rule 24(b) and by filing an Answer, as required under Rule 24(c)(1), the NZG does not waive sovereign immunity as to any other potential claims.

5.      The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required. Otherwise denies.

6.      The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required. Otherwise denies.

7.      The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required. Otherwise denies.

8.      Admits that Plaintiff seeks the relief listed in its Request for Relief on page 41 of its Complaint. Otherwise denies.

9.      Refers to the cited statutes as the best evidence of their contents. Denies that this Court has jurisdiction over this action.

10.     Denies that this Court should grant the relief that Plaintiff has requested since this Court lacks jurisdiction. Otherwise denies.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's characterization of the MHDD, its committees, and its members.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the activities of Plaintiff's members. Otherwise denies.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the activities of Plaintiff's members. Otherwise denies.

14.     The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required. Otherwise denies.

15.     The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required. Otherwise denies.

16. Denies.

17. Admits the allegations only to the extent supported by statutory and regulatory authority, as well as any applicable delegations of authority. Otherwise denies.

18. Admits the allegations only to the extent supported by statutory and regulatory authority, as well as any applicable delegations of authority. Otherwise denies.

19. Admits the allegations only to the extent supported by statutory and regulatory authority, as well as any applicable delegations of authority. Otherwise denies.

20. Admits the allegations only to the extent supported by statutory and regulatory authority, as well as any applicable delegations of authority. Otherwise denies.

21. Admits the allegations only to the extent supported by statutory and regulatory authority, as well as any applicable delegations of authority. Otherwise denies.

22. Refers to the MMPA as the best evidence of its contents.

23. Refers to the MMPA as the best evidence of its contents.

24. Refers to the MMPA as the best evidence of its contents.

25. Refers to the MMPA as the best evidence of its contents.

26. Refers to the MMPA and the *Sea Shepherd* decision as the best evidence of their contents.

27. Refers to the MMPA and 50 C.F.R. § 229.2 as the best evidence of its contents.

28. Refers to the MMPA as the best evidence of its contents.

29. Refers to the MMPA as the best evidence of its contents.

30. Refers to the MMPA and the NOAA Guidelines as the best evidence of their contents.

31. Refers to the MMPA as the best evidence of its contents.

32. Refers to the MMPA as the best evidence of its contents.

33. Refers to the NFMS Procedural Directive as the best evidence of its contents.

34.    Refers to the MMPA as the best evidence of its contents.

35.    Refers to the MMPA and listings under the ESA as the best evidence of their contents.

36.    Refers to the MMPA as the best evidence of its contents.

37.    Refers to the MMPA as the best evidence of its contents.

38.    Refers to the MMPA as the best evidence of its contents. Plaintiff's assertion concerning the purpose of the monitoring program constitutes Plaintiff's characterization of its case.

39.    Refers to the MMPA as the best evidence of its contents.

40.    Refers to the MMPA as the best evidence of its contents. Refers to NMFS' monitoring coverage as the best evidence of its contents.

41.    Refers to the MMPA as the best evidence of its contents.

42.    Refers to the MMPA as the best evidence of its contents.

43.    Refers to the MMPA as the best evidence of its contents.

44.    Refers to the NMFS regulations as the best evidence of their contents.

45.    Refers to the NMFS regulations as the best evidence of their contents.

46.    Refers to the NMFS regulations as the best evidence of their contents.

47.    Refers to the NMFS regulations as the best evidence of their contents.

48.    Refers to the NMFS regulations as the best evidence of their contents.

49.    Refers to the NMFS regulations as the best evidence of their contents.

50.    Refers to the NMFS regulations as the best evidence of their contents.

51.    Refers to the NMFS regulations as the best evidence of their contents.

52.    Refers to the NMFS regulations and the *Sea Shepherd* decision as the best evidence of their contents.

53. The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required. Otherwise denies.

54. Refers to the APA as the best evidence of its contents.

55. Refers to the APA as the best evidence of its contents.

56. Refers to the APA as the best evidence of its contents.

57. The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required.

58. The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required. Otherwise denies.

59. The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required.

60. Refers to the NMFS listing and IUCN listing as the best evidence of their contents.

61. Refers to the NMFS listing and IUCN listing as the best evidence of their contents.

62. Refers to the 2024 Five Year review as the best evidence of its contents.

63. Refers to the Department of Conservation classifications as the best evidence of their contents. Refers to the NZG's Marine Mammal Protection Act (1978) and the Fisheries Act (1996) as the best evidence of their contents.

64. Admits.

65. Admits.

66. The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required.

67. The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required.

68.     The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required.

69.     The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required.

70.     The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required.

71.     The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required.

72.     Refers to the 2021 AEBAR as the best evidence of its contents.

73.     Refers to Report No. 290 as the best evidence of its contents.

74.     Refers to the cited Federal Register publications and the 2024 Five Year Review as the best evidence of their contents.

75.     Refers to the IUCN report and the 2024 Five Year Review as the best evidence of their contents.

76.     Refers to the IWC Scientific Committee recommendation as the best evidence of its contents.

77.     The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required.

78.     Denies.

79.     Refers to the Threat Management Plan as the best evidence of its contents. Otherwise denies.

80.     The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required.

81.    Refers to the NZG's FRML as the best evidence of its contents.

82.    The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required.

83.    The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required.

84.    Refers to the NZG's monitoring measures as the best evidence of their contents.

85.    The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required.

86.    The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required.

87.    The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required.

88.    The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required.

89.    Refers to the 2020 comparability finding and the *Sea Shepherd* litigation as the best evidence of their contents.

90.    Refers to the *Sea Shepherd* decision as the best evidence of its contents.

91.    Refers to the 2024 comparability finding and the *Sea Shepherd* decision as the best evidence of their contents. Refers to the NSG's statements as the best evidence of their contents.

92.    Refers to the *Sea Shepherd* decision as the best evidence of its contents. Admits that Sea Shepherd voluntarily dismissed its case.

93.    Refers to the *MHDD I* decision as the best evidence of its contents.

94.    Refers to the NMFS comparability findings as the best evidence of their contents.

95.    Admits that MHDD filed a challenge to the 2025 comparability finding on January 5, 2026.

96.    Refers to the 2026 comparability finding as the best evidence of its contents.

97.    Denies.

98.    Denies.

99.    The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required.

100.    Denies.

101.    The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required.

102.    Refers to the 2026 comparability finding as the best evidence of its contents.

103.    The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required.

104.    The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required.

105.    The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required.

106.    The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required.

107.    The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required.

108.    The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required.

109.    The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required.

110.    The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required.

111.    The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required.

112.    The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required.

113.    The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required.

114.    The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required.

115.    The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required.

116.    The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required.

117.    The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required.

118.    The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required.

119.    The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required.

120. The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required.

121. The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required.

122. The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required.

123. The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required.

124. The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required.

125. Denies.

126. Refers to the 2026 comparability finding as the best evidence of its contents.

127. Refers to the 2026 comparability finding as the best evidence of its contents.

128. The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required.

129. The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required.

130. The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required.

131. The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required.

132. Admits.

133. The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required.

134. The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required.

135. The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required.

136. The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required.

137. The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required.

138. The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required.

139. The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required.

140. The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required.

141. The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required.

142. The NZG repeats and incorporates by reference its answers to the allegations in paragraph nos. 1-141.

143. Refers to the MMPA as the best evidence of its contents.

144. Refers to the import regulations as the best evidence of their contents.

145. Refers to the APA as the best evidence of its contents.

146.    Denies.

147.    Denies.

148.    The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required.

149.    The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required.

150.    The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required.

151.    The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required.

152.    The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required.

153.    The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required.

154.    The allegations constitute Plaintiff's characterization of its case and its conclusions of law to which no response is required.

155.    Denies.

156.    The NZG repeat and incorporates by reference its answers to the allegations in paragraph nos. 1-155.

157.    Refers to the MMPA and the cited statutes as the best evidence of their contents.

158.    Refers to the cited regulations as the best evidence of their contents.

159.    Denies.

160.    Refers to the APA as the best evidence of its contents.

161.    Denies.

Request for Relief

The NZG denies that the Plaintiff is entitled to the relief set forth in its Request for Relief that immediately follows paragraph no. 161 or to any relief whatsoever. The NZG further denies any allegation not previously admitted or otherwise qualified.

Respectfully submitted,

/s/ Warren E. Connelly
Warren E. Connelly (lead counsel)
Robert G. Gosselink
Kenneth N. Hammer

Trade Pacific PLLC
700 Pennsylvania Avenue, S.E.
Suite 500
Washington, D.C. 20003
Phone: 202-223-3760
wconnelly@tradepacificlaw.com

*Counsel for the New Zealand Government*

Date submitted: April 27, 2026