| | |
|---|---|
| MĀUI AND HECTOR'S DOLPHIN DEFENDERS NZ INC., <br><br>     Plaintiff, <br><br> v. <br><br> NATIONAL MARINE FISHERIES SERVICE, NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION FISHERIES, UNITED STATES DEPARTMENT OF THE TREASURY, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, AND UNITED STATES DEPARTMENT OF COMMERCE, <br><br>     Defendants. | Before: Jennifer Choe-Groves, Judge <br><br> Court No. 26-02462 |

## ORDER

Before the Court is the Motion of the New Zealand Government for Permissive Intervention as Defendant-Intervenor filed by the New Zealand Government ("New Zealand"). Mot. New Zealand Gov't Permissive Interv. Def.-Interv. ("Motion to Intervene" or "Mot. Interv."), ECF No. 20. Plaintiff Māui and Hector's Dolphin Defenders NZ Inc. and Defendants National Marine Fisheries Service, National Oceanic and Atmospheric Administration Fisheries, United

States Department of the Treasury, United States Department of Homeland Security, and United States Department of Commerce (collectively, "Defendants") do not oppose the motion.  Id. at 3.

Subject to the exceptions articulated in 28 U.S.C. § 2631(j), "[a]ny person who would be adversely affected or aggrieved by a decision in a civil action pending in the Court of International Trade" may seek leave to intervene under USCIT R. 24(b).  Manuli Autoadesivi, S.p.A. v. United States, 9 CIT 24, 25, 602 F. Supp. 96, 98 (1985); 28 U.S.C. § 2631(j).  USCIT Rule 24(b) provides that the Court may permit any party to intervene that either: "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact."  USCIT R. 24(b)(1).  The Court considers three factors with respect to a motion for permissive intervention under Rule 24(b)(1)(B): (1) whether the application is timely; (2) whether the proposed intervenor asserts a claim or defense that shares with the main action a common question of law or fact; and (3) whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.  Ereğli Demir Ve Çelik Fabrikaları T.A.Ş. v. United States Int'l Trade Comm'n., 47 CIT __, __, 639 F. Supp. 3d 1245, 1255 (2023); USCIT R. 24(b)(3); 28 U.S.C. § 2631(j)(2).

Unlike a motion for intervention by right under USCIT Rule 24(a), which must be filed within 30 days of service of the complaint, USCIT Rule 24(b) does

not impose a firm deadline for the filing of a motion for permissive intervention. USCIT R. 24(a)–(b). No Party to this case contests that New Zealand's motion was timely filed and there is no suggestion that New Zealand delayed in filing its motion. See Mot. Interv. at 3, 7. The Court concludes that New Zealand's motion to intervene was timely filed.

New Zealand contends that it would be adversely affected by a decision in Plaintiff's favor because a ban on the importation into the United States of fish and fish products from the commercial fisheries within the range of the Māui dolphin would disrupt the commercial fishing restrictions that New Zealand has imposed and continues to maintain and would impose significant burdens. Id. at 4–5. New Zealand asserts that it has taken steps to protect the Māui and Hector's dolphins, including the adoption of a revised Hector's and Māui dolphin Threat Management Plan in 2020. Id. at 5. New Zealand has also undertaken reviews and adopted additional restrictions on commercial fishing measures. Id. at 5–6.

The phrase "adversely affected or aggrieved" mirrors language used in numerous other statutes, such as the Administrative Procedures Act, 5 U.S.C. § 702, and represents a "congressional intent to cast the [intervention] net broadly—beyond the common-law interests and substantive statutory rights traditionally known to law." Ontario Forest Indus. Ass'n v. United States, 30 CIT 1117, 1120, 444 F. Supp. 2d 1309, 1322 (2006) (quoting Fed. Election Comm'n v.

Akins, 524 U.S. 11, 19 (1998)).  The Court concludes that New Zealand has demonstrated that it would likely be adversely affected or aggrieved if Plaintiff was to prevail in this case.

Plaintiff's claims challenge a 2026 comparability finding by the National Marine Fisheries Service that the New Zealand set net and trawl fisheries do not catch and kill Māui and Hector's dolphins in excess of legal standards and the related decision of the United States to not ban the importation of fish and fish products from the considered fisheries.  Compl., ECF No. 4.  New Zealand argues that it has imposed practices for protecting Māui dolphins based on "carefully and extensively considered scientific evidence."  Mot. Interv. at 6.  New Zealand further claims that it is in the best position to explain and defend the science-based measures taken to ensure that the Māui and Hector's dolphins are adequately protected.  Id. at 6–7.  The Court concludes that New Zealand's defenses share a common question of law or fact with Plaintiff's claims.

This case is in its early stages and New Zealand has indicated that it will abide by all deadlines established by the Court.  Id. at 7.  Because the case involves practices implemented by New Zealand for the preservation of dolphins, it is likely that the involvement of New Zealand will promote efficiency, rather than delay.  No existing Party has expressed that they will be prejudiced by the involvement of New Zealand.  See id. at 3.  The Court concludes that the intervention of New

Zealand is unlikely to cause delay or prejudice.  Therefore, the Government of New Zealand shall be permitted to intervene in this case as a Defendant-Intervenor.

Upon consideration of the Motion of the New Zealand Government for Permissive Intervention as Defendant-Intervenor, ECF No. 20, and all other papers and proceedings in this action, it is hereby

**ORDERED** that the Motion of the New Zealand Government for Permissive Intervention as Defendant-Intervenor, ECF No. 20, is granted; and it is further;

**ORDERED** that the Government of New Zealand is added as Defendant-Intervenor in this case; and it is further

**ORDERED** that the Answer of Proposed Defendant-Intervenor the New Zealand Government, ECF No. 21, is deemed filed.

_/s/ Jennifer Choe-Groves_
Jennifer Choe-Groves, Judge

Dated: _____April 28, 2026_____
New York, New York